**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

UNITED STATES OF AMERICA,

      Plaintiff,

vs.                                                                                                          No. CR 12-0128 JB

EUGENIO MENDOZA-RENTERIA,

      Defendant.

**MEMORANDUM OPINION AND ORDER**

**THIS MATTER** comes before the Court on the Defendant's Motion for Dismissal of Counsel, filed December 12, 2012 (Doc. 301). The primary issue is whether the Court should replace Defendant Eugenio Mendoza-Renteria's current counsel, appointed under the Criminal Justice Act, 18 U.S.C. § 3006A ("CJA"), with another CJA lawyer. Because Roberto Albertorio, Mendoza-Renteria's counsel does not oppose the motion and thinks new counsel would be a good idea, and because Plaintiff United States of America takes no position on the motion, the Court will grant the motion, construing it as a motion for new CJA counsel, and dismiss Mr. Albertorio.

**PROCEDURAL BACKGROUND**

Mendoza-Renteria is charged in a multi-defendant drug case. Mendoza-Renteria is charged in Count 1 with Conspiracy to Distribute Controlled Substances; to wit: Distribution of 50 Grams or more of Methamphetamine, 5 Kilograms and More of Cocaine; and 100 Kilograms and More of Marijuana, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(B), and (b)(1)(A)(1), and 846, and in Count 21 with Use of a Telephone to Facilitate a Drug Trafficking Offense, 21 U.S.C. § 843(b), and Aiding and Abetting, 18 U.S.C. § 2, and Criminal Forfeiture. Mendoza-Renteria, proceeding pro se, moves the Court to allow Mr. Albertorio's dismissal. Mendoza-Renteria alleges that Mr. Albertorio has

violated his interest based on the following facts:

>    (1)    No Due Process Invokations[sic]/Incompetence
>
>           No Bill of Rights. .    8th. 14th. 1st. 3d. 4th.
>
>    (2)    No U.S. Constitution Invokations[sic]/ Ineffective
>
>           - Life and Limb
>
>    (3)    No Innocent Safeguards - Social Jeopardising[sic]: both
>
>           Incompetence and Ineffective: 8 months

Motion for Dismissal of Counsel at 1.  Mendoza-Renteria stated that he believes Mr. Albertorio cannot represent him adequately for the foregoing reasons.  See id. at 1.  He also purports to sign his motion under oath.  He also states: "Further. Requests Private Coun[s]el." Motion for Dismissal of Counsel at 1.

Mr. Albertorio advised the Court orally, after a sentencing in another matter during the week of January 14, 2013, that he did not oppose Mendoza-Renteria's request, and that he thought new counsel would be good for Mendoza-Renteria and in his best interests.  Mr. Albertorio also stated that Plaintiff United States of America was beginning to make plea offers in the case and that he thought it would be desirable for Mendoza-Renteria to get a counsel in place in whom he has confidence, as soon as possible.  The Court's Courtroom Deputy Clerk contacted Assistant United States Attorney Reeve L. Swainston, and he stated that Plaintiff United States of America took no position on the motion.

## RELEVANT LAW REGARDING APPOINTMENT OF NEW COUNSEL

To warrant substitution of counsel, a defendant must show good cause, such as "a conflict of interest, a complete breakdown of communication, or an irreconcilable conflict which leads to an apparently unjust verdict." United States v. Beers, 189 F.3d 1297, 1302 (10th Cir. 1999).  "Good

cause for substitution of counsel consists of more than a mere strategic disagreement between a defendant and his attorney; rather, there must be a total breakdown in communications." United States v. Stewart, 378 F. App'x 773, 777 (10th Cir. 2010). To prove a total breakdown in communication, a defendant must point to evidence of a severe and pervasive conflict with his attorney or evidence of minimal contact with his attorney -- such that meaningful communication is not possible. See United States v. Stewart, 378 F. App'x at 777. Untimely requests for substitution of counsel create problems "for the efficient administration of justice by the trial court," but "there are situations in which a late filed motion for substitution should be granted." United States v. Johnson, 961 F.2d 1488, 1490 (10th Cir. 1992). The Tenth Circuit has stated that, in assessing whether to grant a motion to substitute counsel, a court should consider: (i) whether the defendant's request was timely; (ii) whether the trial court adequately inquired into defendant's reasons for making the request; (iii) whether the defendant-attorney conflict was so great that it led to a total lack of communications precluding an adequate defense; and (iv) whether the defendant substantially and unreasonably contributed to the communication breakdown. See United States v. Porter, 405 F.3d 1136, 1140 (10th Cir. 2005). Courts balance these factors when determining whether to grant substitution of counsel. See United States v. Lott, 433 F.3d 718, 725 (10th Cir. 2006)(weighing the four factors, and determining that although the first factor weighs in favor of granting the defendant's motion for substitute counsel, the remaining three factors weigh against granting his motion).

## ANALYSIS

Both Mendoza-Renteria and Mr. Albertorio agree that the Court should dismiss Mr. Albertorio as counsel. The United States does not oppose the motion. Because of the number of co-Defendants in the case and the extent of the conspiracy, the Court deemed this case complex on

February 23, 2012, and, at the present time, the final discovery and motions practice deadlines set by the Court extend into January 2014. See Stipulated Scheduling Order Number 2 at 1 & 5, filed Nov. 2, 2012 (Doc. 265). In regard to factor one, Mendoza-Renteria's motion is therefore timely. Second, in regard to factors two and three, the Court inquired of Mr. Albertorio at the sentencing hearing of an unrelated case, whether he believed that communications had broken down between himself and Mendoza-Renteria, so that appointment of new counsel was in the best interests of Mendoza-Renteria and in the interest of justice. Mr. Albertorio answered that, since the beginning, he has had substantial difficulties communicating with Mendoza-Renteria, that he did not believe it was due to a lack of a good-faith effort on either his or Mendoza-Renteria's part, and that communication has now broken down almost completely. He stated that, he believes appointment of new counsel is in the interest of Mendoza-Renteria and in the interest of justice. The second and third factor thus also counsel in favor of granting Mendoza-Renteria's request. Fourth and finally, in addition to Mr. Albertorio agreeing with Mendoza-Renteria as to the Court granting the motion, and that the United States does not object, because Mr. Albertorio represents that the break-down in communication was not due to lack of effort from Mendoza-Renteria leads the Court to conclude that he did not substantially and unreasonably contribute to the breakdown. The factors for whether to appoint Mendoza-Renteria new counsel thus balance in favor of granting the motion. Accordingly, the Court will grant Mendoza-Renteria's request that the Court dismiss Mr. Albertorio.

Mendoza-Renteria requests that the Court appoint him "Private Coun[s]el." Motion for Dismissal of Counsel at 1. It is unclear precisely what Mendoza-Renteria wishes the Court to do with this request. If Mendoza-Renteria wants to retain private counsel, he is free to do so, but must pay for the counsel of his choice with his own assets. If he wants the Court to pay for his counsel, as it has been doing up to this point for Mr. Albertorio, he must accept someone off of the CJA list

or from the Federal Public Defender's Office.  The federal government pays the salaries of lawyers from the Federal Public Defender's Office, and they only represent indigent defendants in federal criminal cases; the Court does not consider them "private attorneys" in a lay sense or otherwise. CJA lawyers are in private practice, in the sense that they can take clients and cases not involving federal criminal cases, and often only a portion of their income comes from their contracting with the Court to represent indigent defendants in federal court.  An indigent defendant in federal court does not get to choose his or her counsel, and then have the Court pay for his or her attorney of choice; the defendant must accept whom the Court appoints.  The Court assumes that Mendoza-Renteria wants another CJA attorney, who is a private attorney on contract with the Court.

**IT IS ORDERED** that the Defendant's Motion for Dismissal of Counsel, filed Dec. 26, 2012 (Doc. 301), construed as a motion to appoint another lawyer from the Court's Criminal Justice Act panel, is granted.  Roberto Albertorio is dismissed as counsel for Defendant Eugenio Mendoza-Renteria.  The Court will appoint another lawyer off of the Court's CJA list to represent Mendoza-Renteria.

_____
UNITED STATES DISTRICT JUDGE

*Counsel:*

Kenneth J. Gonzales
  United States Attorney
Reeve L Swainston
Cynthia L. Weisman
Stephen R. Kotz
Samuel A. Hurtado
  Assistant United States Attorneys
Albuquerque, New Mexico

   *Attorneys for the Plaintiff*

Roberto Albertorio
Albuquerque, New Mexico

*Attorney for Defendant Eugenio Mendoza-Renteria*